## CHARLES A. EASTON AND WILLIAM V. KING, APPELLANTS, *v.* ASA R. CASSIDY, RESPONDENT.

*Order of arrest—when not allowed—Code of Civil Procedure, § 549, sub. 4, as amended in 1879—what must be shown to authorize the issuing of an order thereunder.*

This action was brought to recover moneys alleged to have been fraudulently embezzled and misappropriated by the defendant while acting as a book-

keeper for the plaintiff. Upon a motion to vacate an order of arrest granted herein, the court below found that a portion of the sum sought to be recovered had probably been fraudulently appropriated by the defendant, and that the residue had been obtained and used by him, with the plaintiff's knowledge and consent, and—held that, inasmuch as the demand, upon which an order of arrest could have been properly granted, had been united with one upon which it could not be granted, that the order should be vacated.

*Held,* that the order was properly vacated.

To authorize the granting of an order of arrest, under subdivision 4 of section 549 of the Code of Civil Procedure, as amended in 1879, the complaint must allege the cause of action, therein set forth, to be fraudulent or to have been fraudulently contracted, and must limit the application for the order to such cause of action.

APPEAL from an order made at a Special Term, vacating an order of arrest granted herein. The action, which was commenced December 6, 1879, was brought to recover from the defendant the sum of $4,210.04, alleged to have been fraudulently embezzled, misappropriated and taken by him, while acting as bookkeeper for the plaintiff.

*F. M. Scott,* for the appellant.

*C. E. Coddington,* for the respondent.

PER CURIAM :

The plaintiffs obtained their order of arrest upon affidavits alleging a single cause of action for the recovery of $4,210, alleged to have been fraudulently embezzled and misappropriated by the defendant. Upon the motion in the court below, the court found, in substance, that a portion of that sum had probably been fraudulently appropriated, and that the residue had been obtained and used by the defendant with the knowledge and consent of the plaintiffs. The court concluded that, inasmuch as the demand upon which an order of arrest could properly be granted had been united with one upon which such order could not properly be granted, the order based upon the whole sum must be vacated.

It is claimed on this appeal that, assuming the facts to be as found by the court below, still the order should not be vacated, because, under the provisions of the Code of Civil Procedure, the

plaintiffs could aver in their complaint the alleged fraud, and establish the same upon the trial to entitle them to a verdict. And that, in so far as they may be able to show that the money was fraudulently appropriated, they will be entitled to a verdict, upon the trial, and to judgment upon which an execution against the body may issue, and that, therefore, in respect to that portion of the demand as to which such a recovery may be had, the order should be sustained. We think this position cannot be maintained. The intention of the Legislature, in changing the act in this respect, was to restrict rather than enlarge the cases in which orders of arrest can be granted, and to carry the question of fraud, in all cases of this kind, to the jury for final trial and decision. It was the settled law, under the former Code, that no order of arrest could be upheld where causes of action had been united, on any part of which an order of arrest was not allowable under the provisions of the Code. We think there was no intention to change that established rule, and the consequence of so construing the Code as to effect the change would be to open the door to experiments greatly prejudicial to defendants, and to the fair and just administration of the law. We think it our duty to hold that, under the present provisions of the Code, parties securing orders in this class of cases (under subdivision 4 of section 549 of the Code of Civil Procedure) must distinctly define a cause of action which is alleged in the complaint to be fraudulent, or to have been fraudulently contracted, and limit the application for an order specifically to such cause of action, and thus present a distinct and definite issue upon the question of fraud for trial by the jury.

We are, therefore, of the opinion, that the order of the court below was correct, and should be affirmed, with $10 costs, besides disbursements.

Present—DAVIS, P. J., and BARRETT, J.

Order affirmed, with $10 costs, and disbursements.